## SUPREME COURT.

### STEWART AND OTHERS agt. BOUTON AND ANOTHER.

Irrelevant and redundant matter struck out of an answer with costs, because it did not come within the principle of pleading laid down in Williams agt. Hayes (5 How. 470). ( See also the Renss. and Wash. Plank Road Co. agt. Wetsel, ante p. 68; also Lewis agt. Kendall, ante p. 59.)

*Rensselaer Special Term, Feb.* 1851. *Motion to strike out redundant or irrelevant matter.* The action is brought upon an undertaking executed by the defendants upon an appeal, pursuant to the 334th section of the Code. The appellant was one Beardsley, who had brought an action against the sheriff of Saratoga, to recover the posession of personal property which had been seized by the sheriff under an attachment against a non resident debtor. Beardsley had previously executed a mortgage upon the same property to one Stover, who, at the time the action was brought to recover the possession of the property, executed to the sheriff the undertaking required by the 209th section of the Code. Judgment having been rendered against Beardsley in the original suit, an action was brought against Stover upon his undertaking, in which judgment was also recovered. This judgment was compromised by Stover, and satisfied. The judgment against Beardsley having been appealed, was affirmed, at a general term of the Supreme Court, and from the judgment so affirmed, an appeal was brought to the Court of Appeals, where the judgment was again affirmed. The plaintiffs, who are the assignees of the undertaking, claim to recover in this action, not only the costs upon the appeal, which amount to $97·47, but also interest upon the judgment affirmed, to the amount limited in the undertaking. The defendants in their answer, among other things, allege, that as sureties on the appeal, they are not liable to pay interest upon the judgment from which the appeal was taken, since no stay of execution was had or obtained; also that they executed the undertaking at the request and upon the indemnity of Stover; and that the property mortgaged to Stover was worth little or nothing

over and above the amount for which it was mortgaged. These three allegations the plaintiffs ask to have stricken out of the answer.

    E. F. BULLARD, *for Plaintiffs.*

    A. B. OLIN, *for Defendants.*

HARRIS, Justice.—I feel constrained, under the rule, which I understand now to be well settled, in respect to pleadings under the Code, to grant this motion. Neither allegation involves a material fact, or tenders to the opposite party a material issue. The first is merely a conclusion of law. The defendants may, perhaps, be right in supposing their liability is limited to the costs upon the appeal; but if they are, the question can not be the subject of an issue of fact. It is a conclusion of law which will arise upon the facts in the case. The other allegations present issues wholly immaterial and unnecessary to a proper decision of the case. Whether or not the undertaking was executed at the request and upon the indemnity of Stover, can not affect the liability of the defendants in this action, one way or the other. Nor can it, by possibility be material whether the property in question in the original suit was worth more or less than the mortgage to Stover (see Williams agt. Hayes, and The Rensselaer and Washington Plank Road Company agt. Wetsel, *ante*).

    The motion must be granted; and although I am convinced that the irrelevant matter has been inserted in the answer through inadvertence, I feel obliged, in reference to the principles already established, and in view of the necessity of holding the profession to a more strict attention to those principles, in framing pleadings, to allow costs upon the motion also.